UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ELEANOR SPICER, ) | |
| ) | |
| Plaintiff, ) | No. 3:06 CV 1685 (SRU) |
| ) | |
| v. ) | |
| ) | |
| YALE UNIVERSITY, and ) | February 26, 2007 |
| WILLIAM H. KONIGSBERG ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' ANSWER TO AMENDED COMPLAINT

Defendants Yale University ("Yale") and William H. Konigsberg ("Dr. Konigsberg"), by their undersigned attorneys, answer the Amended Complaint herein as follows:

1. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

2. Admit.

3. Admit.

4. The allegations contained in paragraph 4 are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Defendants admit that Plaintiff purports to put more than $75,000 in controversy, but deny that there is any legal or factual basis for such relief.

5. The allegations contained in paragraph 5 are legal conclusions as to which no responsive pleading is required.

6. The allegations contained in paragraph 6 are legal conclusions as to which no responsive pleading is required.

7. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

8. Admit.

9. Deny, except admit that Dr. Konigsberg of Yale and Dr. Yale Nemerson of Mount Sinai School of Medicine conceived of and collaborated on several tissue factor research projects from the 1970s through the late 1990s and that Plaintiff worked in Dr. Konigsberg's laboratory, under his supervision and direction, on research related to human tissue factor from approximately 1985 to 1987.

10. Deny, except admit that the research described in the previous paragraph of this Answer included, inter alia, the isolation and sequencing of cDNA clones and the cloning of the cDNA that encoded human tissue factor.

11. Admit.

12. Admit.

13. Deny, except admit that Plaintiff worked in Dr. Konigsberg's laboratory under his supervision and direction and that Plaintiff reported to Dr. Konigsberg.

14. Deny, except admit that:

   (a) With respect to research related to the full length human tissue factor cDNA, which research has yielded no royalties, Plaintiff, under the direction, supervision, and review of Dr. Konigsberg and/or Dr. Nemerson, assisted in work on amino acid sequences, probes, and review of cDNA libraries for screening.

   (b) With respect to research related to the full length human tissue factor cDNA, which research has yielded no royalties, Plaintiff, under the

direction, supervision, and review of Dr. Konigsberg and/or Dr. Nemerson, assisted in supervising some laboratory employees who worked on the purification and sequencing of the tissue factor cDNA in the two clones.

(c)  With respect to research related to the full length human tissue factor cDNA, which research has yielded no royalties, Plaintiff, under the direction, supervision, and review of Dr. Konigsberg and/or Dr. Nemerson, assisted in work on reading sequencing gels run by others and entering the resulting data into a computer.

(d)  With respect to research related to the full length human tissue factor cDNA, which research has yielded no royalties, Plaintiff, under the direction, supervision, and review of Dr. Konigsberg and/or Dr. Nemerson, assisted in entering data into a computer, which generated various printouts.

(e)  With respect to research related to the full length human tissue factor cDNA, which research has yielded no royalties, Plaintiff, under the direction, supervision, and review of Dr. Konigsberg and/or Dr. Nemerson, assisted in work on the construction of various maps of restriction enzyme cleavage sites related to full length human tissue factor cDNA.

(f)  With respect to research related to the full length human tissue factor cDNA, which research has yielded no royalties, Plaintiff, under the direction, supervision, and review of Dr. Konigsberg and/or Dr. Nemerson, assisted in work on the construction of various maps of restriction enzyme cleavage sites related to full length human tissue factor cDNA.

(g)   With respect to research related to the full length human tissue factor cDNA, which research has yielded no royalties, Plaintiff, under the direction, supervision, and review of Dr. Konigsberg and/or Dr. Nemerson, assisted in printing computer listings from data previously entered.

15.   Deny, except admit that the collaboration between Dr. Konigsberg and Dr. Nemerson yielded the cloning of cDNA for human tissue factor.

16.   Deny.

17.   Admit.

18.   Deny, except admit that the Yale University Patent Policy states the procedure to be followed in the administration of inventions which result from teaching, research, and other intellectual activity performed under Yale's auspices.

19.   Admit the allegations regarding the content of section 1 of Yale's current Patent Policy, which document speaks for itself.

20.   Admit the allegations regarding the content of section 2 of Yale's current Patent Policy, which document speaks for itself.

21.   Admit the allegations regarding the content of section 4 of Yale's current Patent Policy, which document speaks for itself.

22.   Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22, except admit that Plaintiff provided Yale with an executed Assignment dated November 19, 1996.

23.   Admit the allegations in paragraph 23 regarding the content of the 1996 Assignment, which document speaks for itself.

24. Admit the allegations in paragraph 24 regarding the content of the 1996 Assignment, which document speaks for itself.

25. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25, except admit that Plaintiff provided Yale with an executed Assignment dated October 14, 2003.

26. Deny that the allegations in paragraph 26 correctly represent the content of the 2003 Assignment, which document speaks for itself.

27. Deny, except admit that Plaintiff executed the aforementioned 1996 Assignment and 2003 Assignment.

28. Deny, except admit that Yale and Mt. Sinai School of Medicine entered into a cross-licensing agreement with a third-party stemming from certain research related to human tissue factor of which Plaintiff is not an inventor, which agreement has resulted in the payment of royalties to Yale.

29. Deny.

30. Deny.

31. Deny, except admit that Dr. Konigsberg has received inventor's royalties under the Yale Patent Policy for cross-licensing royalty fees received by Yale in connection with the invention of soluble human tissue factor, and has not shared any portion of those fees with Plaintiff, who is not an inventor of soluble human tissue factor.

32. Deny.

33. Deny, except admit that Dr. Konigsberg offered to give Plaintiff 20% despite having no obligation to do so, that Plaintiff rejected that offer and instead demanded 40-50% of all royalties.

34. Deny, except admit that Plaintiff has not received any royalties earned by Yale from the cross-licensing agreement related to soluble human tissue factor, of which Plaintiff is not an inventor.

## FOR A FIRST CAUSE OF ACTION
## BREACH OF CONTRACT
### *Plaintiff v. All Defendants*

35. Defendants repeat and reallege their answers in response to paragraphs 1 through 34 of the Amended Complaint as if set forth here in full.

36. Deny, except admit that a Yale University Patent Policy governs any claim by an employee inventor to royalties received for the invention.

37. Deny, except admit that the relevant terms of any contract between Plaintiff and Yale related to the administration of an invention are set forth in a Yale University Patent Policy.

38. Deny.

39. Deny.

40. Deny.

41. Deny.

42. Deny, except admit that Plaintiff has not received any portion of the royalties earned by Yale from the cross-licensing agreement related to human tissue factor, of which Plaintiff is not an inventor.

43. Deny.

44. Deny, except admit that Plaintiff executed 1996 and 2003 Assignments, provided laboratory notebooks that Plaintiff found in her home, and was prepared for and deposed in a patent interference proceeding.

45.  Deny, except admit that Plaintiff executed 1996 and 2003 Assignments, provided laboratory notebooks that Plaintiff found in her home, and was prepared for and deposed in a patent interference proceeding.

46.  Deny.

47.  Deny.

48.  Deny.

49.  Deny.

## FOR A SECOND CAUSE OF ACTION
## QUANTUM MERUIT
### *Plaintiff v. All Defendants*

50.  Defendants repeat and reallege their answers in response to paragraphs 1 through 49 of the Amended Complaint as if set forth here in full.

51.  Deny, except admit that Plaintiff worked in Dr. Konigsberg's laboratory and under his supervision and direction on one or more projects related to human tissue factor research from approximately 1985 to 1987.

52.  Deny, except admit that Plaintiff worked in Dr. Konigsberg's laboratory and under his supervision and direction on one or more projects related to human tissue factor research from approximately 1985 to 1987 and that Plaintiff executed 1996 and 2003 Assignments, provided laboratory notebooks that Plaintiff found in her home, and was prepared for and deposed in a patent interference proceeding.

53.  Deny.

54.  Deny.

55. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 55 as the allegations relate to Plaintiff's subjective state of mind.

56. Deny.

57. Deny, except admit that Plaintiff has not received any portion of the royalties earned by Yale from the cross-licensing agreement related to soluble human tissue factor of which Plaintiff is not an inventor.

58. Deny.

## FOR A THIRD CAUSE OF ACTION
## PROMISSORY ESTOPPEL
*Plaintiff v. All Defendants*

59. Defendants repeat and reallege their answers in response to paragraphs 1 through 58 of the Amended Complaint as if set forth here in full.

60. Deny.

61. Deny.

62. Deny.

63. Deny.

64. Deny.

65. Deny.

## FOR A FOURTH CAUSE OF ACTION
## NEGLIGENT MISREPRESENTATION
*Plaintiff v. All Defendants*

66. Defendants repeat and reallege their answers in response to paragraphs 1 through 65 of the Amended Complaint as if set forth here in full.

67. Deny.

8

68. Deny.

69. Deny.

70. Deny.

71. Deny.

72. Deny the allegations in paragraph 72 that relate to Defendants, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 72 that relate to Plaintiff's subjective state of mind.

73. Deny.

74. Deny.

### FOR A FIFTH CAUSE OF ACTION
### FRAUDULENT MISREPRESENTATION
*Plaintiff v. Defendant Konigsberg*

75. Defendants repeat and reallege their answers in response to paragraphs 1 through 74 of the Amended Complaint as if set forth here in full.

76. Deny.

77. Deny.

78. Deny.

79. Deny the allegations in paragraph 79 that relate to Defendant Konigsberg, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 79 that relate to Plaintiff's subjective state of mind.

80. Deny.

81. Deny.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by laches.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by collateral estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to allege fraudulent misrepresentation with particularity.

Respectfully submitted,

YALE UNIVERSITY and
WILLIAM H. KONIGSBERG

By: _/s/ Jonathan M. Freiman_
Jonathan M. Freiman (ct 24248)
jfreiman@wiggin.com
Iris Gafni-Kane (ct 27024)
igafni-kane@wiggin.com
Wiggin and Dana LLP
One Century Tower
P.O. Box 1832
New Haven, CT 06508
(203) 498-4400
(203) 782-2889 (fax)

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

# CERTIFICATE OF SERVICE

| | | |
|---|---|---|
| Plaintiff Eleanor Spicer | ) | Case No. 3:06 CV 1685 (SRU) |
| v. | ) | |
| | ) | |
| Defendants Yale University, | ) | |
| and William H. Konigsberg | ) | |

I hereby certify that on February 26, 2007, a copy of foregoing Defendants' Answer to Amended Complaint was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court=s electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court=s CM/ECF System.

/s/ Jonathan M. Freiman
Jonathan M. Freiman (ct24248)
jfreiman@wiggin.com
Iris Gafni-Kane (ct27024)
igafni-kane@wiggin.com
Wiggin and Dana LLP
One Century Tower
P.O. Box 1832
New Haven, CT 06508
(203) 498-4400
(203) 782-2889 (fax)